IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DEPUY SPINE, INC., f/k/a DEPUY ACROMED, INC., and BIEDERMANN MOTECH GMBH,

Plaintiffs,

v.

MEDTRONIC SOFAMOR DANEK, INC., f/k/a SOFAMOR DANEK GROUP, INC., and MEDTRONIC SOFAMOR DANEK USA, INC.,

Defendants.

Civil Action No. 01-CV-10165 EFH

Judge Edward F. Harrington

**DEFENDANTS' BENCH BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE THE TESTIMONY OF THOMAS OXLAND AS CUMULATIVE**

## I. INTRODUCTION

Medtronic Sofamor Danek, Inc. and Medtronic Sofamor Danek USA, Inc. (collectively "Medtronic") submit this bench brief in opposition to the motion by DePuy Spine Inc. ("DePuy") to exclude the testimony of Thomas Oxland as cumulative. DePuy cannot find any legal authority that supports its position nor can it articulate any actual prejudice stemming from Dr. Oxland's testimony.

## II. DEPUY HAS NOT SHOWN ANY AUTHORITY THAT SUPPORTS EXCLUDING A SECOND EXPERT BECAUSE OF ALLEGED OVERLAPS BETWEEN HIS TESTIMONY AND THAT OF ANOTHER WITNESS

DePuy cannot find any legal authority demonstrating that Medtronic should not be permitted to provide experts with overlapping testimony. In fact, in the *Shay* case cited by DePuy in support of its motion, the First Circuit held, after considering the issue, that the exclusion of the expert in question by the district court constituted *reversible error*. *United*

*States v. Shay*, 57 F.3d 126, 131-134 (1st Cir. 1995).

Similarly, in the only case DePuy can cite for the proposition that allegedly redundant expert witnesses can be excluded, the district court chose to restrain the party in question to only *twenty-four* expert witnesses, rather than the desired twenty seven.[1] Even then the court only held that that the exclusion was within the district court's discretion, not that the district court was obligated to exclude the additional three experts. *Id.* Accordingly, there is no legal authority that supports excluding a second witness just because he eventually may reach the same conclusions as a first witness.

### III. THE PRESENT CIRCUMSTANCES DO NOT MEET THE EXACTING STANDARDS FOR EXCLUSION OF RELEVANT TESTIMONY

It is not surprising that DePuy cannot find any legal authority supporting, or even acknowledging the discretion of a district court to exclude an expert in a case like the present one. The burden to exclude relevant and qualified expert testimony is extremely high. Like all exclusions under rule 403, doing so requires that the probative value of the testimony be substantially outweighed by the prejudicial value. Fed.R.Evid. 403.

Even though Dr. Foley and Dr. Oxland reach the same final conclusion that the Vertex® and Vertex Max® do not infringe the '678 patent, they have distinct and separate technical backgrounds. Dr. Foley is a surgeon, who actually uses cervical screw products in the field, whereas Dr. Oxland is a mechanical engineer. Thus, each witness's particular insights and opinions have distinct probative value.

DePuy's alleged "prejudice" from allowing Medtronic to call an additional witness is entirely speculative. Under any estimate, Medtronic's case will take not more than

---

[1] In the case in question, the Sixth Circuit upheld a district court's decision preventing one plaintiff, *Northwest* from calling the additional three experts of other plaintiffs who settled before the trial. *Polec v. Northwest Airlines (In re Air Crash Disaster)*, 86 F.3d 498, 526, 527 (6th Cir 1996.)

2

five or six days. There will be no excessive heaping of expert testimony. DePuy has called four of its own experts in this case. It was prepared to call a fifth, Thomas Smegal, until his already questionably willfulness analysis in this case was vitiated by the Federal Circuit. Thus, there is no realistic danger of the size of Medtronic's witness list somehow overwhelming the jury by its sheer numbers.

## IV. CONCLUSION

In light of the lack of legal authority supporting DePuy's motion and the probative value of Dr. Oxland's testimony, its motion to exclude Dr. Oxland's testimony as cumulative should be denied.

Dated: September 21, 2007

<div style="margin-left: 40%;">

Respectfully submitted,

MEDTRONIC SOFAMOR DANEK, INC., f/k/a SOFAMOR DANEK GROUP, INC., and MEDTRONIC SOFAMOR DANEK USA, INC.,

By their attorneys,

_____/s/ André J. Bahou_____
Dirk D. Thomas, Esq. (*pro hac vice*)
Kenneth Freeling, Esq. (*pro hac vice*)
Brian Erickson, Esq. (*pro hac vice*)
André J. Bahou, Esq. (*pro hac vice*)
Dewey Ballantine L.L.P.
975 F Street, NW
Washington, D.C. 20004-1405
(202) 862-1000

David E. Marder, Esq. (BBO #552485)
Robins, Kaplan, Miller & Ciresi L.L.P.
800 Boylston Street, 25th Floor
Boston, MA 02119
(617) 859-2750

Attorneys for Defendants

</div>

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of September, 2007, a true copy of the above and foregoing document was served electronically through the ECF System.

I HEREBY CERTIFY that on this 21st day of September, 2007 a true and correct copy of the above and foregoing document was served, as noted below, to:

VIA ELECTRONIC MAIL (serlich@nutter.com)
Scott E. Erlich, Esq.
Nutter, McClennan & Fish, L.L.P.
World Trade Center West
155 Seaport Boulevard
Boston, MA 02110-2604

VIA ELECTRONIC MAIL (ALLDePuy@JonesDay.com)
Calvin P. Griffith, Esq.
Patrick J. Norton, Esq.
Isaac A. Molnar, Esq.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

ELECTRONIC MAIL (LA_Biedermann@kirkland.com)
Luke L. Dauchot, Esq.
Greer N. Shaw, Esq.
Kirkland & Ellis, L.L.P.
777 South Figueroa Street
Los Angeles, CA 90017

/s/ André J. Bahou
Dirk D. Thomas, Esq. (*pro hac vice*)
Kenneth Freeling, Esq. (*pro hac vice*)
Brian Erickson, Esq. (*pro hac vice*)
André J. Bahou, Esq. (*pro hac vice*)
Dewey Ballantine L.L.P.
975 F Street, NW
Washington, D.C. 20004-1405
(202) 862-1000