UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEPUY SPINE, INC., et al., )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>MEDTRONIC SOFAMOR DANEK, INC., )<br>f/k/a SOFAMOR DANEK GROUP, INC., )<br>et al., )<br>Defendants. ) | Case No.: 01CV10165EFH<br><br>Judge Edward F. Harrington |

## PLAINTIFFS' MOTION FOR A LIMITED NEW TRIAL ON REASONABLE ROYALTY AND WILLFUL INFRINGEMENT

Plaintiffs DePuy Spine, Inc. and Biedermann Motech GmbH (collectively, "DePuy") hereby move this Court, pursuant to Federal Rule of Civil Procedure 59, to vacate that portion of the jury's verdict awarding no royalty damages for infringing sales by Medtronic, for a new trial limited to that issue, and for a trial on the issue of willful infringement. In brief, the grounds for this motion, which are more fully set forth in the accompanying memorandum of law, are:

(1) An award of no royalty for the $237.2 million in infringing sales not subject to lost-profits damages is contrary to the governing statute, which requires the award of "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer." 35 U.S.C. § 284.

(2) The evidence presented at trial *by Medtronic* was that a minimum royalty of 6% of infringing screw sales would have been appropriate. In that light, the award of zero royalty damages is contrary to Medtronic's concession, and quite clearly against the great weight of all of the evidence, including DePuy's evidence.

(3) As the Court's order rejecting Medtronic's "ensnarement" defense, and DePuy's motion for enhanced damages and attorneys' fees, demonstrates, the Court should vacate its prior

JMOL order dismissing DePuy's claim of willful infringement and allow that issue to be tried. Based on all of the evidence, a reasonable jury could conclude that Medtronic "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" — and that evidence would amply allow a jury to find willful infringement under the standard set forth in *In re Seagate*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc).

Dated: December 27, 2007

Respectfully submitted,

BIEDERMANN MOTECH GMBH
and DEPUY SPINE, INC.,

By their attorneys,

/s/ Scott E. Erlich
Scott E. Erlich (BBO #637202)
serlich@nutter.com
NUTTER, MCCLENNEN & FISH
World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2604
Telephone: (617) 439-2000

Calvin P. Griffith (admitted *pro hac vice*)
Patrick J. Norton (admitted *pro hac vice*)
Isaac A. Molnar (admitted *pro hac vice*)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 486-3939
(For DEPUY SPINE, INC.)

Luke L. Dauchot (admitted *pro hac vice*)
Greer N. Shaw (BBO #638128)
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
(for BIEDERMANN MOTECH GMBH)

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Counsel for Plaintiffs hereby certifies that they have complied with Local Rule 7.1(a)(2) by conferring with counsel for Defendants in an attempt to resolve or narrow the issues addressed by this Motion.

Dated: December 27, 2007          /s/ Scott E. Erlich
                                                 Scott E. Erlich

## CERTIFICATE OF SERVICE

I certify that on this 27th day of December, 2007, this document was served by e-mail, pursuant to the parties' agreement, to:

VIA ELECTRONIC MAIL (Medtronic.Counsel.DePuy.Matter@DeweyLeBeouf.com)
Dirk D. Thomas, Esq.
dthomas@deweyleboeuf.com
André J. Bahou, Esq.
abahou@deweyleboeuf.com
Dewey LeBoeuf LLP
975 F Street, NW
Washington, DC 20004-1405

VIA ELECTRONIC MAIL (DePuyMatter@rkmc.com)
David E. Marder, Esq.
Robins, Kaplan, Miller & Ciresi LLP
800 Boylston Street
Boston, MA 02199

                                        /s/ Scott E. Erlich
                                        Scott E. Erlich