UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEPUY SPINE, INC., et al.,<br><br>              Plaintiffs,<br>v.<br><br>MEDTRONIC SOFAMOR DANEK, INC.,<br>f/k/a SOFAMOR DANEK GROUP, INC.,<br>et al.,<br>              Defendants. | Case No.: 01CV10165EFH<br><br>Judge Edward F. Harrington |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR A LIMITED NEW TRIAL ON REASONABLE ROYALTY AND WILLFUL INFRINGEMENT**

**I.    INTRODUCTION**

Plaintiffs DePuy Spine, Inc. and Biedermann Motech GmbH (collectively, "DePuy") have moved this Court, pursuant to Federal Rule of Civil Procedure 59, to vacate the jury's verdict with respect to the royalty to be applied to the infringing sales submitted to the jury but for which the jury did not award any damages, and for a new trial on this issue. That verdict cannot be squared with the governing statute — which requires the award of "damages adequate to compensate for the infringement, but *in no event less than a reasonable royalty* for the use made of the invention by the infringer." 35 U.S.C. § 284 (emphasis added). Moreover, that verdict was against the great weight of evidence — indeed, all the evidence — presented at trial on this issue, in particular Medtronic's concession that DePuy is entitled to no less than a 6% royalty on such sales.

The Court should also vacate its prior JMOL order on the issue of willful infringement and allow that issue to be tried along with the royalty issue. As detailed at greater length in DePuy's motion for enhanced damages and attorneys' fees, filed yesterday, Medtronic's conduct (and this Court's findings subsequent to that summary-judgment order) could have supported a

verdict of willful infringement under the objective-recklessness standard of *In re Seagate*, 497 F.3d 1360 (Fed. Cir. 2007) (en banc).

DePuy is thus entitled to a new trial limited to those issues.

## II.     BACKGROUND FACTS

It was undisputed at trial that, if infringement was found, DePuy was entitled to at least a royalty on all infringing sales, including any sales not subject to lost profits. (Trial Tr. at 679:13 – 680:1, 740:23 – 741:8.) Mr. Haas testified that a reasonable royalty on all infringing activity was required by statute. (*Id.*) Medtronic never disputed this fact and, indeed, its expert, Dr. Vellturo, expressly agreed with Mr. Haas. (Trial Tr. at 1402:18 – 1403:1.)

On September 27, 2007, the jury returned a verdict that Medtronic's Vertex and Vertex Max products infringe the '678 patent and awarded $226.3 million in lost profit damages. (Jury Verdict Form, Dkt. # 542.) The jury awarded $149.1 million in damages resulting from lost sales of DePuy's Summit and Mountaineer products and $77.2 million in pull-through damages from lost sales of other DePuy products caused by Medtronic's infringement. (*Id.*) Notably, these findings coincide with the exact lost profit and pull-through damages amounts being sought by DePuy. (Trial Tr. at 678:25 – 679:12; Ex. A, PTX 5185[1], Trial Tr. at 870:19 – 871:24; Ex. B, PTX 5172-A.) The jury did not, however, award any damages for the infringing sales that were not subject to lost profits. (Dkt. # 542.)

Using Mr. Haas' lost-profits analysis, which the jury adopted, there were $237.2 million in infringing sales that DePuy would not have captured in the "but-for" world and thus, were not subject to lost-profit damages. (Trial Tr. at 738:17 – 739:16; Ex. C, PTX 5193.) This amount included $170 million in domestic sales and $67 million in international sales made by

---

[1] All exhibits to this motion are attached to the Declaration of Patrick J. Norton ("Norton Declaration") being submitted herewith.

Medtronic.[2] (Trial Tr. at 739:3-16; Ex. C, PTX 5193.) Mr. Dansky testified that a reasonable royalty on these sales would be 15% of construct sales. (Trial Tr. at 543:16-21, 573:15 – 575:2.) After deducting for commissions and applying Mr. Dansky's 15% royalty rate to these sales, DePuy was entitled to an additional $31.8 million in royalties on these infringing sales. (Trial Tr. at 748:24-750:22.) Medtronic never disputed that DePuy was entitled to royalty damages on these sales, but countered that a 6% royalty rate was reasonable. (Trial Tr. at 1397:25 – 1398:22.)

## III. DISCUSSION

### A. Vacatur Of The Jury's Zero Royalty Verdict And A New Trial Are Appropriate Because DePuy Is Statutorily Entitled To A Royalty On Infringing Sales Not Subject To Lost Profits

35 U.S.C. § 284 provides, in pertinent part, that:

> Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringing but *in no event less than a reasonable royalty for the use made of the invention by the infringer*, together with interest and costs as fixed by the Court.
>
> When the damages are not found by a jury, the court shall assess them.

35 U.S.C. § 284 (emphasis added). The Federal Circuit has been clear in holding that, under section 284, courts have an obligation to award damages once infringement is found. *See Dow Chem. Co. v. Mee Indus. Inc.*, 341 F.3d 1370, 1381 (Fed. Cir. 2003) ("The statute is unequivocal that *the district court must award damages in an amount no less than a reasonable royalty*.") (emphasis added).

Section 284's mandate applies to *all* of the infringing sales. *See, e.g., State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1577 (Fed. Cir. 1989) ("But the floor for a damage award is

---

[2] All of the infringing products are manufactured in the United States and are subject to damages regardless of where they are sold. (Trial Tr. at 739:17-740:6.)

no less than a reasonable royalty, … and the award may be split between lost profits as actual damages to the extent they are proven and a reasonable royalty for the remainder.") (internal citation omitted); *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l*, 246 F.3d 1336, 1354 (Fed. Cir. 2001) ("A patentee receives a reasonable royalty for any of the infringer's sales not included in the lost profit calculation."); *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1119 (Fed. Cir. 1996) ("The Patent Act permits damages awards to encompass both lost profits and a reasonable royalty on that portion of an infringer's sales not included in the lost profits calculation."); *King Instr. Corp. v. Perego*, 65 F.3d 941, 952-53 (Fed. Cir. 1995) (holding that patentee was entitled to a reasonable royalty for the segment of infringing sales that did not warrant lost profits).

In light of Section 284, the jury's award of zero royalty damages for these infringing sales cannot be sustained.

**B.     Vacatur Of The Jury's Zero Royalty Verdict And A New Trial Are Appropriate Because That Aspect Of The Verdict Is Contrary To Medtronic's Concession That Some Royalty On These Sales Is Appropriate, And Against The Great Weight Of The Evidence**

Medtronic never presented any evidence or argument even remotely suggesting that zero royalty would be appropriate if infringement were found. To the contrary, as detailed above, Medtronic conceded that at least a 6% royalty would be appropriate for its infringement. And, obviously, DePuy presented evidence supporting a 15% royalty. Thus, the zero royalty verdict is "against the clear weight of the evidence," *Acevedo-Luis v. Pagan*, 478 F.3d 35, 40 (2007), and merits vacatur and a new trial on that issue under Rule 59(a).

## C. The Court Should Also Vacate Its Summary Judgment Of No Willful Infringement And Allow That Issue To Be Tried Along With The Royalty Issue

Finally, the Court should vacate its prior ruling granting summary judgment of no willful infringement and allow the question of willful infringement to be tried along with the royalty issue. As DePuy explained in its Motion for Enhanced Damages and Attorneys' Fees (Dkt. # 594), filed with the Court yesterday and incorporated herein by reference, under a proper reading of 35 U.S.C. § 284, a finding of "willful infringement" is not a prerequisite to an award of increased damages under that section.[3] Nonetheless, because Federal Circuit decisions hold that a willful infringement finding is a prerequisite to enhanced damages, DePuy moves for a trial on this issue as well. As the memorandum filed in support of yesterday's Motion for increased damages and fees has chronicled, and as this Court has found in rejecting Medtronic's "ensnarement" defense, Medtronic copied the invention of the '678 patent (Ensnarement Order at 22), and then engaged in an elaborate litigation strategy of deceit and delay, which allowed Medtronic to entrench itself into the market on the strength of DePuy's patented technology. That is (at least) "objectively reckless" conduct on Medtronic's part — it "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" — and that evidence would amply allow a jury to find willful infringement under the standard set forth in *In re Seagate*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc).

## IV. CONCLUSION

For all of the foregoing reasons, DePuy respectfully requests that the Court grant DePuy's motion, vacate the jury's zero royalty verdict on the sales not subject to lost profits, and award a new trial limited to the questions of (1) a reasonable royalty on the $237.2 million in

---

[3] As of this filing, the memorandum in support of Plaintiffs' motion, the accompanying declaration and exhibits have not been docketed. Plaintiffs' expressly incorporate those documents by reference as well.

CLI-1579818v1

infringing sales for which DePuy has not received any compensation, and (2) whether Medtronic willfully infringed the '678 patent.

Dated:  December 27, 2007

Respectfully submitted,

BIEDERMANN MOTECH GMBH
and DEPUY SPINE, INC.,

By their attorneys,


/s/ Scott E. Erlich
Scott E. Erlich (BBO #637202)
serlich@nutter.com
NUTTER, MCCLENNEN & FISH
World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts  02210-2604
Telephone: (617) 439-2000

Calvin P. Griffith (admitted *pro hac vice*)
Patrick J. Norton (admitted *pro hac vice*)
Isaac A. Molnar (admitted *pro hac vice*)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
Telephone: (216) 486-3939
(For DEPUY SPINE, INC.)

Luke L. Dauchot (admitted *pro hac vice*)
Greer N. Shaw (BBO #638128)
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California  90017
Telephone: (213) 680-8400
(for BIEDERMANN MOTECH GMBH)

CLI-1579818v1

## **CERTIFICATE OF SERVICE**

I certify that on this 27th day of December, 2007, this document was served by e-mail, pursuant to the parties' agreement, to:

VIA ELECTRONIC MAIL (Medtronic.Counsel.DePuy.Matter@DeweyLeBoeuf.com)
Dirk D. Thomas, Esq.
dthomas@deweyleboeuf.com
André J. Bahou, Esq.
abahou@deweyleboeuf.com
Dewey LeBoeuf LLP
975 F Street, NW
Washington, DC  20004-1405

VIA ELECTRONIC MAIL (DePuyMatter@rkmc.com)
David E. Marder, Esq.
Robins, Kaplan, Miller & Ciresi LLP
800 Boylston Street
Boston, MA  02199


/s/ Scott E. Erlich
Scott E. Erlich

1695631.1

CLI-1579818v1